1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11

99¢ ONLY STORES, a California corporation,

Plaintiff,

12

v.

13

T&T DISCOUNT dba 99¢ & UP, a California
company, HAO TAI PHAM, an individual, and
DOES 1-20, INCLUSIVE,

14

15

Defendants.

16

) Case No. 10-cv-0283 JT (BLM)
)
) ORDER GRANTING JOINT MOTION
) REQUESTING ENTRY OF CONSENT
) JUDGMENT AND PERMANENT
) INJUNCTION
)
)
)
)
)
)
)
)

17
18
19
20
21
22
23
24
25
26
27
28

1    Plaintiff 99¢ ONLY STORES ("Plaintiff" or "99¢") and Defendants T&T DISCOUNT

2  dba 99¢ & UP, HAO TAI PHAM, and DOES 1-20, INCLUSIVE (collectively "Defendants")

3  have jointly moved this Court for an order granting the parties' Joint Motion Requesting Entry

4  of Consent Judgment and Permanent Injunction.  The parties have agreed to a settlement of the

5  matters in issue before them including the entry of this Consent Judgment and Permanent

6  Injunction.  Upon consideration of the Motion, the Court finds good cause to GRANT the

7  motion.  It is hereby ORDERED that:

8    1.    This Court has jurisdiction over the parties and over the causes of action

9  asserted in this action.  Venue is proper in this judicial district.

10    2.    The following federal trademarks owned by 99¢ are valid and enforceable

11  (hereinafter "99¢ Only Stores marks"):

12    Registration No. 1,395,427 for the mark "ONLY 99¢ ONLY"

13    Registration No. 1,455,937 for the mark "99¢ ONLY STORES"

14    Registration No. 1,712,553 for the mark "DRIVER CARRIES 99¢ ONLY"

15    Registration No. 1,724,475 for the mark "OPEN 9 DAYS A WEEK 9 AM – 9 PM"

16    Registration No. 1,730,121 for the mark "ONLY 99¢ ONLY"

17    Registration No. 1,741,928 for the mark "99¢ ONLY STORES & Design"

18    Registration No. 1,747,549 for the mark "99¢ ONLY"

19    Registration No. 1,947,809 for the mark "99¢ ONLY STORES"

20    Registration No. 1,959,640 for the mark "99¢"

21    Registration No. 2,401,900 for the mark "99¢ ONLY STORES & Design"

22    Registration No. 2,761,939 for the mark "99 THANKS"

23    Registration No. 3,132,449 for the mark "HIGHWAY 99"

24    Registration No. 3,132,450 for the mark "HIGHWAY 99 & Design"

25    Registration No. 3,144,871 for the mark "HIGHWAY 99 YOUR ROAD TO GREAT

26    SAVINGS."

27    3.    The following Federal registrations owned by 99¢ have become incontestable

28  pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and are conclusive evidence of

1 | 99¢'s exclusive right to use these marks:   Reg. Nos. 1,455,937; 1,712,553; 1,730,121;

2 | 1,741,928; 1,747,549; 1,947,809; 1,959,640; and 2,401,900.

3 | 4.      99¢ has developed a protectable family of 99¢ Marks that it uses extensively

4 | throughout its business and which emphasizes the common "99" element of its family of 99¢

5 | Marks in slogans, promotions, and advertising.

6 | 5.      99¢ has a valid, protectable interest in its distinctive trade dress, trade name and

7 | common-law service marks.

8 | 6.      Defendants have operated and continue to operate the retail business at the

9 | premises located at 4325 El Cajon Blvd., San Diego, CA  92105, and have operated said

10 | business under the name "T&T DISCOUNT dba 99¢ & UP."  Defendants' store name, logo,

11 | signage, and trade dress are confusingly similar to that of 99¢ and constitute a false designation

12 | of origin, infringe and dilute 99¢'s family of 99¢ Marks, trade name, federal service mark

13 | registrations, common-law marks, and trade dress as set forth in Paragraph 2 above.

14 | Defendants' activities also infringe and dilute 99¢'s marks registered in the State of California

15 | in violation of California Business & Professional Code §§ 14245 and 14247.  By their

16 | infringing acts, Defendants further unfairly compete with 99¢ in violation of 15 U.S.C.

17 | §1125(a), California Business and Professional Code §17000 et seq., and the common law.

18 | 7.      Defendants, their parents, subsidiaries, affiliates, officers, agents, servants,

19 | employees, attorneys, and those persons in active concert or participation with them who

20 | receive actual notice of this Judgment are hereby enjoined and restrained from:

21 | A. Using, coping, simulating, or in any other way infringing 99¢'s family of

22 | federally registered, state registered, and common law service marks, trade

23 | names, and trade dress, including, but not limited to, Federal Registration Nos.

24 | 1,959,640; 2,401,900; 1,947,809; 1,747,549; 1,741,928; 1,730,121; 1,712,553;

25 | 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; and 3,144,871; and

26 | California State Registration Nos. 23,078; 23,958; 40,745; and 42,970;

27 | B. Displaying any signage or other business identifiers, including, but not limited

28 | to, building signs, directional signs, monument signs, computer templates,

Order
Case No. 10cv0283

banners, advertising media, menus, business cards,  and brochures containing prominently featured characters "99", "99¢", "$.99", or "$0.99" or any characters confusingly similar thereto;

C. Using "99", "99¢", "$.99", or "$0.99", or any mark confusingly similar thereto, as the name or part of the name of Defendants' business or corporation, nor display any references to "99", "99¢", "$.99", or "$0.99",  or any mark confusingly similar thereto, in or in connection with Defendants' business or corporate name;

D. Using the numeral "99" as a feature of any business or corporate name;

E. Using the numeral "99" as a feature of any business identifiers, including, but not limited to, building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards,  and brochures;

F. Using the numeral "9" as a stylized or fanciful numeral as part of a business name or business identifier and, instead, must use the numeral "9" as a block numeral;

G. Using any of the marks from 99¢'s family of federally registered and common law service marks, 99¢'s trade names, and 99¢'s trade dress or anything confusingly similar in the operation of Defendants' business including on the signage, storefront façade, interior décor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags, vehicles, letterhead, purchase orders, company brochures and business cards, website, and advertising, and in connection with any other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and  menus;

H. Using purple, pink and/or blue color hues for the mark and name of Defendants' business wherever that business mark and/or name is used by Defendants, including use of the business mark and/or name on the items and places described in Paragraph 7.G;

1                I.    Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were generic terms

2                       applicable to a category of deep discount or other retail stores; and

3                J.    Using, coping, simulating, or otherwise mimicking 99¢'s trade dress.

4        8.      The terms in paragraph 7 shall remain in force in perpetuity.

5        9.      This Court retains jurisdiction over this matter for the purpose of making any

6 further orders necessary or proper for the construction of this Judgment, the enforcement

7 thereof, and the punishment of any violations thereof.

8        After this Consent Judgment has been entered by the Court, 99¢ shall promptly serve

9 notice of it on Defendants, and 99¢ shall file with the Court a proof of service thereof within

10 ten (10) days thereafter.

11 **IT IS SO ORDERED.**

12 Dated: April 15, 2010        By: _____

13                                 JEFFREY MILLER

14                                 UNITED STATES DISTRICT JUDGE

15

16 8817675
040110

17

18

19

20

21

22

23

24

25

26

27

28